PENELOPE B. DAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Day v. Commissioner
Docket No. 47847-86.
United States Tax Court
T.C. Memo 1988-316; 1988 Tax Ct. Memo LEXIS 334; 55 T.C.M. (CCH) 1320; T.C.M. (RIA) 88316; July 25, 1988; As amended July 29, 1988 David M. Kirsch, for the petitioner. Christopher J. Croudace, for the respondent. PARR
MEMORANDUM *335 FINDINGS OF FACT AND OPINION PARR, Judge: This case is before us on cross-motions to dismiss for lack of jurisdiction. Petitioner has moved to dismiss this case for lack of jurisdiction on the ground that the notice of deficiency was not mailed to petitioner at her last known address pursuant to section 6212. Respondent has moved to dismiss this case for lack of jurisdiction on the ground that the petition was not filed timely under section 6213. By notice of deficiency, respondent determined a deficiency in petitioner's 1978 income tax in the amount of $ 6,094.00 and an addition to tax under section 6653(a) [1] in the amount $ 304.70. FINDINGS OF FACT Petitioner resided in Santa Cruz, Calif., at the time of filing the petition in this case. Any appeal of this case would be to the Ninth Circuit. Petitioner filed a joint return with her husband for 1978 under the names Arnold H. & Penelope B. Hendin. The address provided on the return was P.O. Box 68, Boulder Creek, Calif. 95006 (the "Boulder Creek address"). In 1981, petitioner and her husband *336 were divorced. It is unclear when the examination of petitioner's 1978 return was initiated, but it was concluded in 1983. On February 22, 1982, petitioner and her ex-husband signed a Form 872 extending the time to assess their 1978 tax liability until December 31, 1983. The form had been filled out by respondent in the names of Arnold H. Hendin and Penelope B. Hendin, and showed the Boulder Creek address. Petitioner and Mr. Hendin made no changes to the form and signed their names as Arnold H. Hendin and Penelope B. Hendin. On April 9, 1983, petitioner filed her 1982 tax return. She filed as a single person under the name of Penelope B. Day, giving her address as 849 Tower Place, Santa Cruz, Calif. 95062 (the "Santa Cruz address"). On August 16, 1983, respondent sent petitioner a letter at the Santa Cruz address regarding her 1982 return, and on or about August 25, 1983, petitioner mailed respondent a reply, again using her Santa Cruz address. Petitioner's social security number was included on all these documents, and it was the same as that shown on her 1978 return. Petitioner's new address was posted to respondent's computer at the National Computer Center in Martinsburg, *337 West Virginia, during the week of October 2, 1983. On November 9, 1983, respondent mailed a notice of deficiency to petitioner for her 1978 tax year. The notice was sent by certified mail to Arnold Hendin and Penelope Hendin at the Boulder Creek address. The notice was never returned to respondent as unclaimed or undeliverable. On December 22, 1986, petitioner filed the petition in this case, alleging error in respondent's determinations and further alleging that the notice of deficiency was mailed after the expiration of the statute of limitations for the year 1978. On February 19, 1988, petitioner filed a motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was not mailed to petitioner at her last known address pursuant to section 6212(b)(1) and (2). On February 22, 1988, respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner had failed to file her petition within the 90-day period following the mailing of the notice of deficiency, as prescribed by section 6213. The 90-day period expired on February 7, 1984. OPINION It is well settled that to maintain an action in this Court there must be a valid *338 notice of deficiency and a timely filed petition. See ; , affd. without published opinion ; . The petition must be filed within 90 days after the notice of deficiency is issued. Sec. 6213(a). There is no question but that the petition was not filed within 90 days of the issuance of the notice. If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction. However, if jurisdiction is also lacking for respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition. . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). As a general matter, respondent is entitled to treat the address appearing on the return for the year in question as the taxpayer's last known address absent *339 "clear and concise notification" of a new address. . The burden is upon the taxpayer to keep respondent informed of his proper address. , affd. without published opinion . In this Court we have generally held that the filing of a subsequent return with a change of address does not constitute clear and convincing evidence of notice of a change of address. ; . However, the Ninth Circuit, to which this case is appealable, has held that the filing of a subsequent return showing a new address does constitute sufficient notice of a change of address. ; . Under , affd. , we must follow the decisions of the Ninth Circuit in determining *340 whether the notice of deficiency is valid. In this case petitioner filed a return for 1982 showing a different address than the one shown on her 1978 return. However, unlike the taxpayers in Zolla and Cool Fuel, above, petitioner used a different name on the subsequent return. The Ninth Circuit dealt with a similar situation in , revg. a Memorandum Opinion of this Court. In that case, the taxpayer had married and moved to another state after filing the return in question. She filed subsequent returns jointly with her husband, using her married name and new address. Her social security number appeared in the spouse's box on the return. She gave no other notification to the Commissioner of her change of name or address. When the Commissioner mailed her notice of deficiency for the year at issue to the address reflected on that year's return, the letter was returned as undeliverable. In Wallin, the Ninth Circuit stated that while the filing of a subsequent return with a new address does give respondent sufficient notice of the change of address, the filing of a subsequent return under a new name *341 "offer[s] almost no notice to the IRS." . However, the court noted that, under , respondent is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address. Under the circumstances, the court determined that he had not done so. Respondent had notice that the taxpayer had moved. Four letters had been sent to the taxpayer at her old address and all had been returned by the post office as undeliverable. Respondent then searched state and local records, found no new address for her, and mailed the notice of deficiency to the same address. The court held that these attempts "fell short of reasonable diligence," and that respondent has the ability to perform "a computer check of both sets of social security numbers in order to discover a subsequent return filed under a different name or in a different state." . Petitioner argues that respondent should have likewise performed a computer check in this case and would therefore have discovered that she was now at the Santa Cruz address and *342 had filed under a new name. We agree that if respondent had sufficient notice that the Boulder Creek address was incorrect, he would have been obligated pursuant to Wallin to perform such a computer search of social security numbers to find petitioner and her new address. However, in the facts before us we find no evidence that respondent knew petitioner had moved from the Boulder Creek address. These facts are very different from those of Wallin and we are not bound by the holding therein. The Ninth Circuit specifically stated in Wallin that the holding was limited to situations in which respondent is aware that the taxpayer has moved. Petitioner knew that her 1978 return was being audited, and that the examining agents knew her as Penelope B. Hendin and had the Boulder Creek address in their file. This is evidenced by the fact that the Form 872 she and Mr. Hendin signed in February 1982 was pre-printed with their names and address as reported on their 1978 return. At that time she did not tell the agents that she and Mr. Hendin were divorced, or that she had changed or might be changing her name and address. [2] She simply signed the form "Penelope B. Hendin." *343 Her actions only verified that respondent had the correct name and address on file. Accord, Compare More importantly, the notice of deficiency mailed to petitioner at her Boulder Creek address was never returned by the post office as unclaimed or undeliverable. [3] The letter was sent by certified mail and respondent properly presumed that it was delivered to the addressee. [4] Respondent had no reason to believe petitioner was no longer at this address. Respondent was not required to exercise a search for petitioner's new address, as he was in Wallin, because he never that her former address was *344 incorrect. Petitioner makes much of the fact that after respondent received petitioner's 1982 return with her new address, he corresponded with her at that address and even posted the new address to his computer prior to the mailing of the notice of deficiency. We note that the correspondence was between petitioner and the Internal Revenue Service Center, not the Santa Cruz Field Office handling the 1978 examination. Moreover, the correspondence and the computer record were in the name of Penelope B. Day. Under the circumstances, respondent would have had no reason to know that this "Penelope B. Day" was the same person as "Penelope B. Hendin" under audit by the Santa Cruz Field Office. Only a computer search of social security numbers could have (and clearly would have) ascertained that. As we have held, respondent had no knowledge that the Boulder Creek address was incorrect, and therefore no cause to perform such a search. [5]
*345 Lastly, we address petitioner's argument that the notice of deficiency was invalid under section 6212(b)(2) because respondent mailed only a single joint notice of deficiency to petitioner and her ex-husband. That section states -- (2) JOINT INCOME TAX RETURN. -- In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. Petitioner again argues that the filing of her 1982 return, and the related correspondence, constituted notice to the Secretary of a separate residence, and therefore the notice of deficiency was invalid because no duplicate original was sent to her at her last known address. However, as we have found, the filing of petitioner's 1982 return under a different name, and respondent's correspondence with her regarding that return, did not constitute notice of a change of residence. Since respondent was never notified *346 by petitioner that the Boulder Creek address was no longer correct, that address was her "last known address" within the meaning of section 6212 and the notice of deficiency was valid. Petitioner's motion to dismiss for lack of jurisdiction will be denied. The notice of deficiency was mailed to petitioner on November 9, 1983. Sec. 6213(a) requires, with one exception not relevant here, that a petition be filed in this Court within 90 days after the mailing of the notice of deficiency. That 90-day period expired on February 7, 1984. Petitioner did not file her petition until December 22, 1986, over three years from the date the notice was issued. The petition was therefore untimely, and respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue. ↩
2. The record in this case is incomplete in many respects. We do not know exactly when petitioner changed her name and moved from the Boulder Creek address. We do not know what name and address she used on her 1979, 1980 and 1981 returns. We assume without finding as a fact that sometime between 1981, when petitioner and Mr. Hendin divorced, and April 9, 1983, when she filed her 19982 tax return, she stopped using her husband's name and moved to a new residence. ↩
3. It is unclear when or how petitioner eventually received the notice of deficiency. ↩
4. No return receipt was requested by respondent. Compare . ↩
5. We do not dispute petitioner's contentions that respondent maintains taxpayer information by social security number, not by name, and that a search of social security numbers in his files would take less than a minute. See . However, this Court has already stated that we will not impose upon respondent the burden of conducting such a search in every instance prior to the mailing of a notice of deficiency, , and we are not required by Wallin↩ to hold otherwise in the instant case.